# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CHRISTOPHER M. RUSSELL,

        Petitioner,      :    Case No. 3:15-cv-165

- vs -                          District Judge Walter Herbert Rice
                                   Magistrate Judge Michael R. Merz

NEIL TURNER, WARDEN, North Central
  Correctional Complex,

                                :

        Respondent.

## DECISION AND ORDER

This habeas corpus case is before the Court on Petitioner's Motion to Stay these proceedings pending decision by the Clark County Common Pleas Court of Petitioner's two recently-filed motions to correct sentence and for declaratory judgment (Doc. No. 2). In compliance with this Court's Order, Petitioner has now filed copies of those two motions (Doc. No. 4.

The United States Supreme Court has decided that district courts have authority to grant stays in habeas corpus cases to permit exhaustion of state court remedies, in consideration of the AEDPA's preference for state court initial resolution of claims. It cautioned, however,

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. §

1

> 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Rhines v. Weber*, 544 U.S. 269, 277-278 (2005). "Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings. *Id*. It also directed district courts to place reasonable time limits on the petitioner's trip to state court and back. The Court thus endorsed the approach this Court had been following under *Palmer v. Carlton*, 276 F.3d 377 (6th Cir. 2002), and *Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002).

Petitioner seeks a declaratory judgment from the Common Pleas Court that two prosecuting attorneys involved in his trial committed prosecutorial misconduct. This Court is aware of no Ohio authority permitting use of a declaratory judgment request after final judgment and appeal of a criminal case to obtain findings of fact to use in a habeas corpus case to prove a such a claim. Declaratory judgment is a civil remedy typically invoked at the outset of a civil case. It is not an available state court remedy which must be exhausted before proceeding in habeas.

Petitioner also cites no authority to allow a Common Pleas court by motion, post-appeal, to correct a sentence by imposing concurrent sentences in lieu of consecutive ones when the judgment is final on direct appeal and the post-conviction petition under Ohio Revised Code § 2953.21 has been dismissed as untimely. This claim was raised on direct appeal and dismissed by the Second District. *State v. Russell*, 2012-Ohio-4316, 2012 Ohio App. LEXIS 3786 (2nd

Dist. Sept. 21, 2012).  Thus any further consideration of the claim would be barred by Ohio's criminal *res judicata* rule announced in *State v. Perry*, 10 Ohio St. 2d 175 (1967).

      The Motion for Stay is therefore DENIED.

May 21, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge
