# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CHRISTOPHER M. RUSSELL,

        Petitioner,    :    Case No. 3:15-cv-165

- vs -                        District Judge Walter Herbert Rice
                                     Magistrate Judge Michael R. Merz

NEIL TURNER, WARDEN, North Central
  Correctional Complex,

                                :

        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Respondent's Motion to Dismiss the Petition as barred by the statute of limitations in 28 U.S.C. § 2244 (ECF No. 10). Petitioner has filed a timely memorandum in opposition (Petitioner's Answer, ECF No. 12).

28 U.S.C. § 2244 (d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

1

>recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The State Court Record filed by Respondent establishes judgment was entered after trial and sentencing on February 11, 2011 (Judgment Entry, ECF No. 9, Exh. 7, PageID 69). Russell appealed and his conviction was affirmed. *State v. Russell,* Case No. 2011-CA-10, 2012-Ohio-4316, 2012 Ohio App. LEXIS 3786 (2nd Dist. Sept. 21, 2012). Russell did not, however, take a further appeal to the Ohio Supreme Court. Thus his conviction became final on direct review forty-five days after judgment in the court of appeals, the last day on which he could have appealed to the Supreme Court of Ohio, to wit, November 5, 2012. Absent some other starting date under § 2244 or equitable tolling, the statute of limitations expired on November 6, 2013. The Petition herein was not filed until it was deposited in the prison mail system on April 30, 2015 (Petition, ECF No. 1, PageID 15). This is nearly eighteen months after the statute of limitations expired.

Rather than a later start date, Russell claims he is entitled to equitable tolling "due to his effort to overcome procedural hurdles out of his control (a counsel's failure to present issues and an impairment of his ability to research adequate supportive issues)." (Pet. Answer, ECF No. 12, PageID 246.)

Petitioner supports his Answer with 222 pages of excerpts from the state court record, representing to the Court that, to his knowledge, "Respondent has not forwarded the trial records

2

or exhibits to this court nor have they been forwarded to the Petitioner . . ." *Id.*  In fact, the State Court Record was filed by Respondent on July 31, 2015, at the same time as the Motion to Dismiss.  The Record does not contain a certificate that it has been served on Petitioner.  As noted in the Court's Order for Answer, "[a]s required by Fed. R. Civ. P. 5, a complete copy of the answer and state court record with the PageID numbers and "bookmarks" must be served on Petitioner at the time of filing."  (ECF No. 7, PageID 47.)  It is accordingly ORDERED that Respondent's counsel forthwith serve a copy of the record on Petitioner and file a certificate of service of that record.

Petitioner notes that the Order for Answer required Respondent to "respond to each allegation made in the Petition."  (Pet. Answer, ECF No. 12, PageID 246, quoting Order for Answer, ECF No. 7, PageID 46.)  Petitioner reasons that by filing a motion to dismiss instead, "[t]he State, by not making such a response, in effect has acquiesced and may not argue against Petitioner's merits in this answer since there are no challenges to the factual underpinnings of the petition." *Id.*  On the contrary, in a habeas case the Warden may file a dispositive motion before answering, a practice anticipated by Fed. R. Civ. P. 12(b) and (c).

Most of Petitioner's Answer is devoted to arguing the merits of his case.  At ¶ 20, however, he claims his appellate attorney, Robert Scott, did not communicate the results of the appeal to him and he only found out from Lexis "around January of 2013."  (ECF No. 12, PageID 254.)  He begins his argument for equitable tolling at ¶ 66.

**Equitable Tolling**

The one-year statute of limitations in 28 U.S.C. § 2244 is subject to equitable tolling.

3

*Holland v. Florida*, 560 U.S. 631, 645 (2010). However, a petitioner is "'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Ata v. Scutt*, 662 F.3d 736 (6th Cir. 2011), *quoting Holland*, 560 U.S. at 2562(*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

"Equitable tolling allows courts to review time-barred habeas petitions 'provided that a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Keeling v. Warden*, 673 F.3d 452, 462 (6th Cir. 2012), *quoting Robinson, v. Easterling,* 424 F. App'x 439, 442 (6th Cir. 2011). *Keeling* cites several prior cases where equitable tolling was refused even though a petitioner's attorney failed to keep him apprised of the status of pending matters. A petitioner's *pro se* status and lack of knowledge of the law also do not constitute an extraordinary circumstance to excuse late filing. *Keeling*, *supra*.

The burden is on the petitioner to demonstrate that he is entitled to equitable tolling. *Keenan v. Bagley*, 400 F.3d 417, 420-22 (6th Cir. 2005); *Allen v. Yukins,* 366 F.3d 396 (6th Cir. 2004); *McClendon v. Sherman,* 329 F.3d 490, 494 (6th Cir. 2003); *Griffin v. Rogers,* 308 F.3d 647, 653 (6th Cir. 2002). Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control. *Jurado v. Burt*, 337 F.3d 638 (6th Cir. 2003), *citing Graham-Humphreys v. Memphis Brooks Museum of Art, Inc*., 209 F.3d 552, 561 (6th Cir. 2000). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Id.* at 561. Equitable tolling should be granted sparingly. *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006).

Russell reads the Motion to Dismiss as directed at his failure to timely file his

4

Application for Reopening under Ohio R. App. P. 26(B). As the Return of Writ notes, that Application was not filed until February 10, 2014. The Second District denied the Application as untimely on April 7, 2014 (Decision and Entry, State Court Record, ECF No. 9, Exh. 18, PageID 185-88). Russell offered that court the same reasons he offers here to excuse his delay in filing. The Second District considered all of those reasons on the merits; it did not "mechanically" apply the ninety-day limit that is included in Rule 26(B). It noted that Attorney Scott's failure to notify Russell of the results in the court of appeals provided good cause to excuse the lack of filing up to January 2013, but did not excuse Russell's waiting another year. *Id.* at PageID 186. It explained that lack of transcripts was not a sufficient excuse. It noted precedent holding that lack of legal training was not sufficient cause. As for limited access to the law library, it held that could be the kind of excuse which would be sufficient, (*Id.* at PageID 187, citing *State v. Sweeney*, 131 Ohio App. 3d 765 (2nd Dist. 1999)), but that Russell had provided insufficient facts to establish that excuse. This Court finds the reasons relied on by the Second District to find the 26(B) Application untimely are persuasive and consistent with the federal law on equitable tolling.

But the delay in filing the 26(B) Application is not the only delay Russell must excuse. He waited more than a year after denial of that Application to file his Petition in this Court (April 14, 2014 – April 30, 2015). In fact, he waited ten months from refusal of the Ohio Supreme Court to take jurisdiction of his appeal from denial of the 26(B) Application. If the 26(B) Application had been properly filed, its pendency would have tolled the statute of limitations under 28 U.S.C. § 2244(d)(2). In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Court held that a postconviction petition rejected by the state courts as untimely is not "properly filed" within 28 U.S.C. § 2244(d)(2). *Accord, Allen v. Siebert,* 552 U.S. 3 (2007)(an untimely post-conviction

5

petition is not properly filed regardless of whether the time element is jurisdictional or an affirmative defense.)  Even  if the Second District had accepted the 26(B) Application, that would have had no impact on the statute of limitations because Russell's year in which to file had already expired before he filed the 26(B) Application.  *Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003); *Searcy v. Carter,* 246 F.3d 515 (6th Cir. 2001)  A collateral attack filed after the statute expires does not resurrect it.

**Actual Innocence**

Russell also claims his actual innocence excuses his delay in filing.  The controlling precedent on this point is *McQuiggin v. Perkins,* 569 U.S. ___, 133 S. Ct. 1924, 185 L. Ed. 2d 1019 (2013), where the Court held:

> [A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U. S., at 329, 115 S. Ct. 851, 130 L. Ed. 2d 808; see *House*, 547 U. S., at 538, 126 S. Ct. 2064, 165 L. Ed. 2d. 1 (emphasizing that the *Schlup* standard is "demanding" and seldom met). And in making an assessment of the kind *Schlup* envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. *Schlup*, 513 U. S., at 332, 115 S. Ct. 851, 130 L. Ed. 2d. 808.
>
> * * *
>
> [A] federal habeas court, faced with an actual-innocence gateway claim, should count unjustifiable delay on a habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has been reliably shown.

*McQuiggin*, 133 S. Ct. at 1928.

In *Souter v. Jones,* 395 F.3d 577 (6th Cir. 2005), the Sixth Circuit held Congress enacted the statute of limitations in 28 U.S.C. § 2244(d)(1) "consistent with the *Schlup* [*v. Delo*] actual innocence exception." The *Souter* court also held:

> [I]f a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup v. Delo*, 513 U.S. 298, 316 (1995)." Thus, the threshold inquiry is whether "new facts raise[] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id*. at 317. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 327. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 140 L. Ed. 2d 828, 118 S. Ct. 1604 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321.

*Souter,* 395 F.3d at 590.

Russell does not present new evidence. Instead, he claims that his own admissions were the result of police interrogation tactics that overbore his will. He argues that

> With the police interview ruled inadmissible, there is no evidence to support any claim and the remaining presumptions, expert witnesses, and other claims by the State are improper on the face of the written record as noted above in Petitioner's arguments. . . .Therefore the first item of evidence showing Mr. Russell's actual innocence is the written trial record itself and the confirmation of that via an evidentiary hearing constitutes the equivalent of a trustworthy eyewitness.

7

(Petitioner's Answer, ECF No. 12, PageID 287.)

In other words, Russell has presented no new evidence of actual innocence. Instead, he asks this Court to exclude his admissions, which were admitted at trial, and then treat what is left as proof of actual innocence. He also seeks an evidentiary hearing at which he would present the testimony of an expert on memory and its relationship to the legal process, suggesting Elizabeth Loftus, the preeminent authority in the country on that subject. At the hearing he wishes also to call attorney Kim Hart and his spouse (who, he reports, is unwilling to testify.)

Proving actual innocence as a gateway to merits review in habeas is not a matter of putting aside the strongest evidence against a petitioner, presenting other evidence which undermines the credibility of the evidence presented at trial, and then asking whether what is left is sufficient to prove guilt beyond a reasonable doubt. Rather, there must be **new** evidence which has to persuade the habeas court that no reasonable juror would have convicted. Russell has presented no new evidence at all. Even the evidence he speculates might be presented if he were granted an evidentiary hearing is impeaching evidence, not new evidence of innocence. Russell has not succeeded on his actual innocence gateway claim within the requirements of *Schlup v. Delo, supra.*

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Motion to Dismiss be granted and that the Petition be dismissed with prejudice as barred by the statute of limitations. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit

that any appeal would be objectively frivolous and therefore should not be permitted to proceed

*in forma pauperis*.

August 27, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).