# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CHRISTOPHER M. RUSSELL,

               Petitioner,            :    Case No. 3:15-cv-165

    - vs -                          District Judge Walter Herbert Rice
                                         Magistrate Judge Michael R. Merz

NEIL TURNER, WARDEN, North Central
  Correctional Complex,
                                    :
               Respondent.

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case is before the Court on Petitioner's Objections (ECF No. 16) to the Magistrate Judge's Report and Recommendations (ECF No. 13).  District Judge Rice has recommitted the case to the Magistrate Judge for reconsideration in light of the Objections (ECF No. 17).

The Report recommended that Respondent's Motion to Dismiss the Petition as time-barred be granted despite Russell's claims of equitable tolling and actual innocence.  Russell objects to both conclusions.

**Equitable Tolling**

Russell's conviction became final on direct appeal on November 5, 2012, the last day he could have appeal to the Ohio Supreme Court.  The next challenge to his conviction that he filed was an application for reopening under Ohio R. App. P. 26(B) which was not filed until February

10, 2014.  The Second District dismissed the application for untimely filing.  That court had affirmed on September 21, 2012.  *State v. Russell,* Case No. 2011-CA-10, 2012-Ohio-4316, 2012 Ohio App. LEXIS 3786 (2nd Dist. Sept. 21, 2012).  To be timely, a 26(B) application was required to be filed within ninety days of that judgment, or no later than December 20, 2012.  The Second District credited Russell's claim that his appellate attorney had not advised him of the judgment and he had only learned of it from LEXIS in January 2013.  While it found that would excuse the delay until sometime after he learned of the judgment, it did not excuse his waiting an entire additional year until February 2014.  It also rejected his excuses of lack of trial transcript and limited law library access because "Russell has failed to provide sufficient facts to establish good cause." (Decision and Entry, State Court Record, ECF No. 9, Exh. 18, PageID 187.)

The Second District denied reopening April 14, 2014. *Id.*  The Ohio Supreme Court declined jurisdiction July 9, 2014. *Id.* at Entry, Exh. 21, PageID 213.  Russell then waited almost eleven more months to file his Petition here on April 30, 2015.  The Report concluded the Second District's rejection of his 26(B) delay was reasonable and he had offered no additional excuse for his further delay in filing the Petition (Report, ECF No. 13, PageID 518).

In his Objections, Russell reargues his reasons for delay in filing the 26(B)(Objections, ECF No. 16, PageID 526).  Without explaining the additional delay for filing the Petition, he asserts that if the delay for the 26(B) is credited as time when the statute was equitably tolled, "all delays can be equitably tolled as the subsequent appeal to the Ohio Supreme Court and the Petition are then both timely, a sign of Mr. Russell's diligence."  (Objections, ECF No. 16, PageID 529.) Russell's position seems to be that if some portion of the delay in filing a habeas petition is excused, then any amount of time consumed will be equitably tolled.

2

That misunderstands the nature of equitable tolling.  The "equity" involved is not just a label for accepting whatever excuse a *pro se* habeas petitioner may offer.  Rather, the extraordinary circumstances which make it equitable to toll the statute are sufficient only as long as the extraordinary circumstances continue to exist.  Russell's lack of knowledge that his appeal had been decided ceased in January, 2013.  The other circumstances on which he relies are not legally sufficient.  The Sixth Circuit has expressly held that *pro se* status and limited law library access are insufficient to ground equitable tolling.  *Hall v. Warden*, 662 F.3d 745, 751-52 (6th Cir. 2011).

Moreover, Russell has offered no more evidence in support of equitable tolling than he offered before the Report was filed.  Instead, he asserts this Court should hold one or more evidentiary hearings to determine the equitable tolling questions (Objections, ECF No. 16, PageID 525).  As authority he relies on *Roy v. Lampert*, 465 F.3d 964 (9th Cir. 2006).  While *Roy* is in point, it is not precedential in the Sixth Circuit and this Court is unaware of any Sixth Circuit precedent requiring an evidentiary hearing on an equitable tolling claim, particularly when our circuit has rejected the law library access claim on which Russell relies.  Moreover, *Roy* was decided long before the Supreme Court severely limited the availability of evidentiary hearings in habeas corpus cases.  *Cullen v. Pinholster,* 563 U.S. ___, 131 S. Ct. 1388 (2011).  At the very least, *Pinholster* appears to limit this Court's reexamination of the factual basis for the Second District's determination that the 26(B) application was untimely.

Finally, *Roy* does not commend itself for adoption by other courts.  Actually litigating the requests made and granted or denied for law library access by a prisoner over a period of more than a year, along with what legal resources were available in the prison law library, and how much time would be reasonably needed by a *pro se* litigant to research the precise issues in his

case sounds like a proceeding that would take months. Perhaps the need to hold hearings under *Roy* is the reason why district courts in California are years behind in adjudicating habeas corpus cases.

Russell also relies on *Balistreri v. Pacifica Police Dep't*., 901 F.2d 696 (9th Cir. 1998), but that case involved civil rights litigation under 42 U.S.C. § 1983 and is not pertinent to habeas litigation.

The burden is on a late habeas petitioner to establish his entitlement to equitable tolling. Russell has not done so.

**Actual Innocence**

Russell claims his actual innocence also equitably tolls the statute of limitations. The Report notes that while new evidence of actual innocence can equitably toll the statute, the petitioner must present "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup v. Delo,* 513 U.S. 298, 324 (1995).

As the Report notes, Russell presents no new evidence at all. Instead, he asks this Court to exclude his admissions to police as unconstitutionally obtained and then weigh the remaining evidence against new expert testimony on the fallibility of memory (Elizabeth Loftus) and his wife.

Russell admits that this is not new evidence within the meaning of *Schlup, supra*, but suggests it is adequate under *Mobley v. United States*, 974 F. Supp. 553 (E.D. Va. 1997). In *Mobley* the district court allowed a federal criminal defendant in a § 2255 proceeding to excuse a

procedural default on direct appeal by showing that he was actually innocent of a sentencing enhancement which could have been but was not raised on direct appeal. As the *Mobley* opinion shows, there is a split in the circuits courts about whether to apply this type of actual innocence exception at all in non-capital cases and *Mobley* cites no authority for applying it in § 2254 cases. Of course, serious federalism concerns must be addressed in § 2254 cases which are not present in § 2255 cases, allowing different process. For example, while failure to raise an ineffective assistance of trial counsel claim on direct appeal will procedurally default that claim in a § 2254 case, the federal courts have generally mandated presenting ineffective assistance of trial counsel in federal cases after appeal in § 2255 applications. *Massaro v. United States*, 538 U.S. 500 (2003); *United States v. Neuhausser*, 241 F.3d 460 (6th Cir. 2001); *United States v. Fortson,* 194 F.3d 730, 736 (6th Cir. 1999).

In any event, even if *Mobley* were applicable in the Sixth Circuit, it would not justify the sort of "actual innocence" claim Russell proposes. Under *Mobley*, the error is evidence on the record already before the District Court. Russell essentially wants to retry his state case, asking this Court first to excuse his tardiness by speculating what new evidence he might be able to obtain, then appointing counsel to acquire and present that evidence. This proposal does not satisfy the requirements of *Schlup*.

**Conclusion**

Upon reconsideration the Magistrate Judge again respectfully recommends the Petition be dismissed as time-barred. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth

Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

September 21, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).