# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ERIC T. RUSSELL, SR.,

        Petitioner,     :     Case No.  3:15-cv-165

  - vs -                       District Judge Walter Herbert Rice
                                      Magistrate Judge Michael R. Merz

SHERIFF PHIL PLUMMER,

                                 :

        Respondent.

## SECOND SUPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254 is before the Magistrate Judge on recommittal from District Judge Rice (ECF No. 20) to reconsider the case in light of Petitioner Russell's Objections (ECF No. 19) to the Supplemental Report and Recommendations (ECF No. 18).

Russell began to sexually abuse his biological daughter around the time of her ninth birthday. *State v. Russell*, 2012-Ohio-4316, ¶ 3, 2012 Ohio App. LEXIS 3786 (2nd Dist. Sept. 21, 2012).  The abuse continued over a number of years and in different residences, eventually involving vaginal and oral intercourse, posing the victim for nude photographs, and encouraging her to adopt nudism as a practice. *Id.*  at ¶¶ 4-8.  A Clark County grand jury indicted Russell on ten counts arising out of this conduct and he was convicted on all counts at trial. *Id.*  at ¶¶ 12, 16.  The conviction was based in part on his confession to police, but also on recorded telephone conversations in which he admitted some of the conduct and on the victim's testimony at trial. *Id.*  at ¶¶ 9, 11, 16.

1

The case is before this Court, not on the merits, but on the State's Motion to Dismiss the Petition as time-barred. Russell's conviction became final November 5, 2012, the last day on which he could have directly appealed to the Ohio Supreme Court. The Petition was not filed until April 30, 2015, nearly eighteen months after the statute ran on November 6, 2013. Russell seeks to avoid the time bar on claims of equitable tolling and actual innocence.

**Equitable Tolling**

The statute of limitations for habeas petitions under § 2254 can be equitably tolled, but the petitioner must show (1) he has been diligent in pursuing his rights and (2) some extraordinary circumstance prevented his filing on time. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Ata v. Scutt,* 662 F.3d 736 (6th Cir. 2011).  Furthermore, equitable tolling only continues for as long as the petitioner maintains diligence and the extraordinary circumstance continues. *Jurado v. Burt,* 337 F.3d 638 (6th Cir. 2003).

Russell relies in part on the fact that his appellate attorney did not advise him when the Second District affirmed his convictions in September 2012 and he did not learn of the affirmance until January 2013. In considering his delayed application to reopen under Ohio R. App. P. 26(B), the Second District found that much of the delay was justified, but Russell waited an entire additional year until February 2014 to file his 26(B). Further, after the 26(B) was denied in April 2014, he waited more than a year to file here on April 30, 2015. Thus to obtain equitable tolling he must justify two years of delay, not counting the time during which he did not know about the affirmance and not counting the time the 26(B) application was pending.

Russell offers only his *pro se* status and limited law library access for excuses. Under

2

binding Sixth Circuit precedent, those are legally insufficient. *Hall v. Warden*, 662 F.3d 745, 751-52 (6th Cir. 2011).

In his Objections, Russell argues that "inmates in Ohio prisons usually file their petitions one year after their petition to the Ohio Supreme Court" (ECF No. 19, PageID 539). He offers no proof and, in any event, the custom among Ohio inmates cannot change federal law nor can it be an "extraordinary circumstance." Russell asserts that before dismissing the Petition, the Court must show that Russell received "representation equal to the level that would have been received by an affluent defendant." *Id.* at 540. To reiterate the Supreme Court's holding in *Holland*, the burden of proving entitlement to equitable tolling is on the petitioner. Russell has not met that burden

**Actual Innocence**

Alternatively, Russell seeks exemption from the statute of limitations based on his actual innocence claim. The Report cites the controlling precedent for an actual innocence exception to the statute of limitations (Report, ECF No. 13, PageID 518-19, citing *McQuiggin v. Perkins*, 569 U.S. ___, 133 S. Ct. 1924, 185 L. Ed. 2d 1019 (2013), and *Souter v. Jones*, 395 F.3d 577, (6th Cir. 2005)). Both cases require a petitioner to present new evidence so strong that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 133 S. Ct. at 1928, quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

To avoid the new evidence requirement, Russell relies on case law preceding *Schlup* and actually argues "[t]he supposed requirement to show new evidence spelled out in *Schlup* . . . is

actually a misapplication of the thought process noted at that point in the argument." (Objections, ECF No. 19, PageID 5451.)  While pundits and petitioners are free to argue the Supreme Court got it wrong, lower courts are bound to obey.  "Unless we wish anarchy to prevail within the federal judicial system, a precedent of this Court must be followed by the lower federal courts no matter how misguided the judges of those courts may think it to be." *Hutto v. Davis*, 454 U.S. 370, 375 (1982).  *Schlup*, *McQuiggin*, and *Souter* all require new evidence.

First of all, Russell wants this Court to examine the whole record and determine that the conviction has "no foundational evidence and was decided via an unconstitutional contest of credibility."  (Objections, ECF No. 19, PageID 542.)  This despite the victim's testimony of repeated sexual abuse over a number of years and recorded telephone conversations of Russell discussing that abuse, entirely apart from his confession.

Secondly, Russell catalogues the new evidence he wishes to present:

1. Expert testimony on the fallibility of memory such as is purportedly summarized in a book entitled Truth in Memory and presented by some expert witness such as Elizabeth Loftus.  Russell presents no evidence from Dr. Loftus, but rather his own fifteen-page summary of relevant portions of the Truth in Memory book.

2. An unnamed expert witness on scientific method who purportedly would present something similar to the five-page summary of portions of Conceptual Physics by Paul Hewitt which is attached to the Objections as Appendix C (PageID 559-63).

3. Someone to testify on "Christian Naturism," which he claims is a belief found in most branches of Christianity.  He cites supposed proof texts in the King James version of the Bible

and in the Gnostic Gospel of Thomas.[1]  He then cites Article I, § 7 of the Ohio Constitution on rights of conscience, presumably to show somehow that his advocacy of nudism to his daughter was protected religious behavior.

4. New testimony from his wife that he had, at the time of the allegations, a wart at the base of his penis that the victim never testified to (Objections, ECF No. 19, PageID 543).

None of these items, individually or collectively, constitutes the sort of new evidence required under *Schlup*.

**Conclusion**

Based on the foregoing analysis, it is again respectfully recommended that the Petition be dismissed with prejudice as barred by the statute of limitations.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

October 16, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge

---

[1] Russell admits that the Gospel of Thomas is not in the canon of any major Christian group, but claims this is because a complete translation was not available until the twentieth century (Objections, ECF No. 19-3, PageID 566).  Nowhere in the Gospel of Thomas is Jesus reported to have endorsed incest.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).