# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CHRISTOPHER M. RUSSELL,

        Petitioner,        :    Case No. 3:15-cv-165

 - vs -                              District Judge Walter Herbert Rice
                                       Magistrate Judge Michael R. Merz

NEIL TURNER, WARDEN, North Central
  Correctional Complex,

                                         :

        Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION TO EXPAND THE RECORD

This habeas corpus case is before the Court on Petitioner's Motion to Expand the Record (ECF No. 24) in support of a request to reopen the judgment and consider Petitioner's Objections (ECF No. 23).

A Second Supplemental Report and Recommendations recommending that this case be dismissed for failure to file within the statute of limitations was filed October 16, 2015, and sent by regular mail to the parties on that date with a notation that objections, if any, had to be filed by November 2, 2015 (ECF No. 21).  When no objections had been received by November 10, 2015, District Judge Rice adopted the Second Supplemental Report and dismissed the case (Order, ECF No. 22).  Petitioner's Objections (ECF No. 23) were received two days later and the Magistrate Judge struck them as untimely filed.

Russell now seeks to expand the record to show that the Objections were timely.  The Court will consider the attachments to the Motion as part of the record.  The Objections are dated

1

October 29, 2015, and the cash withdrawal slip was signed the same day.  However, the cash withdrawal was not processed until November 3, 2015, one day after the Objections were due.  The Court has difficulty understanding why, if the cash withdrawal was processed on November 3rd, the Objections did not reach the Clerk until November 12th.  But the Petitioner is entitled to the October 29, 2015, mailing date under *Houston v. Lack,* 487 U.S. 266 (1988), so the Court will consider the Objections.  The Notation Order striking the Objections is VACATED.

Because a final judgment has been entered in the case, the Court will consider the Objections as a motion to amend the judgment under Fed. R. Civ. P. 59(e).  This will preserve Russell's right to appeal and the time within which to do so, which will only begin to run when Judge Rice rules on this Report and Recommendations.

A motion under Fed. R. Civ. P. 59(e) is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)(citation omitted).  Thus, parties should not use them to raise arguments which could and should have been made before judgment issued. *Id.* Motions under Rule 59(e) must establish either a manifest error of law or must present newly discovered evidence. *Id.*

In ¶ 1 of the Objections (ECF No. 24, PageID 586), Russell notes that, although filed in the correct case, the Second Supplemental Report carries an incorrect caption, for which the Magistrate Judge apologizes.  The correct caption is as above.  The body of the Second Supplemental Report was directed to this case.

Paragraph 2 asserts the Magistrate Judge has not made the "necessary adjustment from the prosecutorial mindset."  The Magistrate Judge has never been a prosecutor.

In ¶ 3 the Objections criticize the Second Supplemental Report for giving "a summary of the State's position phrase as fact." *Id.* The statements of fact are from the opinion of the Second

2

District Court of Appeals on direct appeal in this case. *State v. Russell*, 2012-Ohio-4316, ¶ 3, 2012 Ohio App. LEXIS 3786 (2nd Dist. Sept. 21, 2012). At this point these facts are not "alleged" as Russell contends, but facts found by the relevant state court of appeals which are presumed by a habeas court to be correct unless rebutted by a petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Russell objects that the State has not refuted his position or rebutted his allegations (Objections, ECF No. 23, ¶¶ 4, 12). That is because the State filed, and the Magistrate Judge found warranted, a motion to dismiss the Petition as barred by the statute of limitations.

Russell has shown no manifest error of law in the Second Supplemental Report and Recommendations. Instead, he has structured his Objections as an attack on the impartiality of the Magistrate Judge and concludes by requesting that the Court "remove this issue from the hands of the Magistrate who has now had three chances to properly consider the issues and has entrenched into the idea of denial due to his bias against individuals accused of these crimes." (Objections, ECF No. 23, PageID 590.) Russell stands convicted by a jury of ten counts of sexual misconduct with his daughter, including five counts of raping her when she was under thirteen. Nevertheless, he is entitled to the same due process in habeas corpus as any other convicted person. Russell has failed to show his case is in its present posture because of any disqualifying bias of the Magistrate Judge.

The Objections, construed as a motion to amend the judgment under Fed. R. Civ. P. 59(e), should be OVERRULED and the Motion DENIED.

December 4, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).