IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHRISTOPHER M. RUSSELL,

    Petitioner,

    v.

NEIL TURNER, Warden, North Central Correctional Complex,

    Respondent.

Case No. 3:15-cv-165

JUDGE WALTER H. RICE

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS ON MOTION TO EXPAND THE RECORD (DOC. #25); OVERRULING PETITIONER'S OBJECTIONS THERETO (DOC. #27), WHICH THE COURT CONSTRUES AS A MOTION TO AMEND THE JUDGMENT UNDER FED. R. CIV. P. 59(e); CASE TO REMAIN TERMINATED ON DOCKET

---

After Petitioner Christopher Russell filed his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus, Doc. #1, Respondent filed a Motion to Dismiss Habeas Petition as Time-Barred, Doc. #10. United States Magistrate Judge Michael R. Merz rejected Petitioner's claims of equitable tolling and actual innocence, and recommended that the Court grant Respondent's motion. Doc. #13. After Petitioner filed Objections, Doc. #16, the issue was re-committed to Magistrate Judge Merz, who issued a Supplemental Report and Recommendations, Doc. #18, again recommending that the Petition be dismissed as time-barred. Petitioner again filed Objections, Doc. #19, and the Court again re-committed the matter to Magistrate Judge Merz.

On October 16, 2015, Magistrate Judge Merz issued a Second Supplemental Report and Recommendations, Doc. #21, recommending the same disposition. When Petitioner failed to file timely Objections, the Court adopted said judicial filing. Doc. #22.

Petitioner later filed Objections, Doc. #23, which were stricken by notation order as untimely filed, and the case was terminated. On December 1, 2015, Petitioner filed a Motion to Expand Record in reference to that notation order striking the Objections. Doc. #24. He submitted evidence to show that, under the mailbox rule, the Objections were, in fact, timely filed.[1]

Substantively, Petitioner argued that Magistrate Judge Merz: (1) was biased toward the prosecution, and should be removed from the case; (2) failed to view the facts in a light most favorable to the non-moving party, as required when ruling on a motion to dismiss; (3) erred in concluding that ineffective assistance of counsel, combined with Petitioner's limited access to the law library, was insufficient to justify equitable tolling; and (4) erred in his interpretation of *Schlup v. Delo*, 513 U.S. 298 (1995), with respect to the actual innocence exception. Petitioner maintains that the State should be ordered to address the merits of his Petition.

On December 4, 2015, Magistrate Judge Merz issued a Report and Recommendations on Motion to Expand the Record. Doc. #25. He agreed with Petitioner that the Objections were timely filed; accordingly, he vacated the

---

[1] Petitioner supplemented this documentation on December 4, 2015. Doc. #26.

notation order striking them. In order to preserve Petitioner's appellate rights, he construed those Objections as a motion to amend the judgment under Federal Rule of Civil Procedure 59(e). However, he recommended that the motion be denied because Petitioner had shown no manifest error of law, and had presented no newly discovered evidence.

Citing 28 U.S.C. § 2254(e)(1), Magistrate Judge Merz noted that, at this stage of the litigation, the facts found by the state appellate court are presumed to be correct, unless rebutted by clear and convincing evidence. He further noted that Respondent, having successfully argued that the Petition was time-barred, was not required to respond to the merits of that Petition. Magistrate Judge Merz rejected Petitioner's allegation of bias. Doc. #25.

On December 15, 2015, Petitioner filed Objections to the Report and Recommendations on Motion to Expand the Record. Doc. #27. He again argues that Magistrate Judge Merz has a prosecutorial mindset, which is preventing Petitioner from reaching the merits of his claims. The Court rejects this argument. The only thing that prevents the Court from reaching the merits of Petitioner's claims is the fact that the Petition was not timely filed.

The Court also rejects Petitioner's claim that Magistrate Judge Merz erred in relying on the state appellate court's recitation of the facts that gave rise to the conviction, and in failing to analyze his claims in the light most favorable to the non-moving party. Petitioner maintains that, because he challenges the factual basis for his conviction in his habeas petition, the Court must hold an evidentiary

3

hearing prior to relying on facts found by the state appellate court. However, in habeas proceedings, the facts found by the state appellate court are presumed to be correct, unless rebutted by clear and convincing evidence, 28 U.S.C. § 2254 (e)(1), and evidentiary hearings are available in very limited circumstances, none of which applies here. See 28 U.S.C. § 2254(e)(2).

Finally, with respect to his claim of actual innocence, Petitioner challenges Magistrate Judge Merz's interpretation of Schlup v. Delo. Having reviewed the "new evidence" presented by Petitioner, as well as the applicable law, the Court finds no legal basis for rejecting Magistrate Judge Merz's finding that the actual innocence exception is not available in this case.

For these reasons, the Court ADOPTS the United States Magistrate Judge's Report and Recommendations on Motion to Expand the Record (Doc. #25), and OVERRULES Petitioner's Objections Thereto (Doc. #27), which the Court has construed as a motion to amend the judgment under Fed. R. Civ. P. 59(e). This case shall remain terminated on the Court's docket.

Date: March 24, 2016

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE