# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CHRISTOPHER M. RUSSELL,

        Petitioner,      :      Case No. 3:15-cv-165

  - vs -                          District Judge Walter Herbert Rice
                                 Magistrate Judge Michael R. Merz

NEIL TURNER, Warden,
 North Central Correctional Complex,

                                :
        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Motion Requesting Relief from Judgment (the "Motion," ECF No. 33).  Mr. Russell brings the Motion pursuant to Fed. R. Civ. P. 60(b)(1), claiming a mistake of law by the Magistrate Judge in the Report and Recommendations of December 4, 2015 (ECF No. 25) which were adopted by Judge Rice in his Decision of March 25, 2016 (ECF No. 28).

The Magistrate Judge's asserted mistake of law was in using *Hall v. Warden*, 662 F.3d 745 (6th Cir. 2011) "as the 6th Circuit governing precedent against using the conditions of an institutional law service as consideration toward equitable tolling" because that case is argued to be "in conflict with this Court['s], other Federal Courts', and the United States Supreme Court's rulings on equitable consideration as it ignores the consideration of 'meaningful access to court.'"  (Motion, ECF No. 33, PageID 634.)

1

**Procedural History**

Mr. Russell filed his Petition for writ of habeas corpus on April 30, 2015 (ECF No. 1). The Court ordered the Warden to respond (ECF No. 7) which he did by filing a Motion to Dismiss the Petition as time-barred (ECF No. 10). Mr. Russell responded with arguments for "equitable tolling due to his effort to overcome procedural hurdles out of his control (a counsel's failure to present issues and an impairment to his ability to research adequate supportive issues) and actual innocence supported both by the face of the written record and by scientific evidence." (Petitioner's Answer, ECF No. 12, PageID 246.) On August 28, 2015, the Magistrate Judge recommended the Motion to Dismiss be granted (Report and Recommendations, ECF No. 13).

The Report concluded Mr. Russell's conviction became final November 5, 2012, so that the one-year statute of limitations expired November 6, 2013, almost eighteen months before the Petition was filed (Report, ECF No. 13, PageID 514). The Report further concluded Russell had not shown his entitlement to equitable tolling under *Holland v. Florida*, 560 U.S. 631, 645 (2010), or actual innocence as required by *McQuiggin v. Perkins*, 569 U.S. ___, 133 S. Ct. 1924, 185 L. Ed. 2d 1019, 1035 (2013). *Hall v. Warden, supra,* was not cited or relied on.

Mr. Russell objected (ECF No. 16), Judge Rice recommitted the case (ECF No. 17), and the Magistrate Judge again recommended dismissal, this time citing *Hall v. Warden, supra,* for the proposition that "*pro se* status and limited law library access are insufficient to ground equitable tolling." (Supplemental Report, ECF No. 18, PageID 535.)

Mr. Russell again objected (ECF No. 19), Judge Rice again recommitted the case (ECF

No. 20), and the Magistrate Judge again recommended dismissal of the Petition as time-barred (Second Supplemental Report, ECF No. 21).  When Russell had not objected within the time allowed by law, Judge Rice adopted the Second Supplemental Report on November 10, 2015, and dismissed the case with prejudice (ECF No. 22, PageID 585).  Russell never appealed from that decision and his time to appeal expired December 10, 2015.

Russell did file late Objections (ECF No. ECF No. 23) which the Magistrate Judge agreed to treat as a motion to amend the judgment under Fed. R. Civ. P. 59(e) but recommended be denied (ECF No. 25).  Russell objected (ECF No. 27), but Judge Rice adopted the Report and denied modification of the judgment (Decision, ECF No. 28).  Russell has appealed from that Decision (ECF No. 29) and his appeal remains pending in the Sixth Circuit Court of Appeals (Case No. 16-3415).  The instant Motion under Fed. R. Civ. P. 60(b)(1) followed.

**Analysis**

Because there is a pending appeal, this Court lacks authority to grant the instant Motion, although it may make an indicative ruling.  Fed. R. Civ. P. 62.1.

Russell essentially asks the Court to correct what he regards as a mistake of law.  He criticizes *Hall v. Warden, supra*, as in conflict with other cases he cites.  Hall had appealed from dismissal as time-barred of his petition for writ of habeas corpus in which he had attacked an Ohio conviction.  Hall was only five days late in filing his habeas petition.  662 F.3d at 748.  The Sixth Circuit held that under *Holland* a habeas petitioner seeking equitable tolling must show that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way.

3

Russell argues against applying *Hall* because he says the "mention of legal services in this section takes up less than three sentences within a section that demonstrates numerous other errors which overshadow the claim, therefore the issue of legal services in *Hall* was effectively harmless if not moot." (Motion, ECF No. 33, PageID 635.)  In *Hall*, the district court denied equitable tolling despite Hall's argument that his limited access to the law library supported equitable tolling.  The argument did not justify a certificate of appealability either from the district court or from the court of appeals; the circuit court issued a certificate only on whether lack of access to the trial transcript was a valid factor.  462 F.3d at 747.  By implication, the issue of law library access was so lacking in merit as not to be debatable among jurists of reason, which is the standard for a certificate of appealability.

Instead of relying on *Hall*, Russell says this Court should follow *Roy v. Lampert,* 465 F.3d 964 (9th Cir. 2006).  *Roy* is a Ninth Circuit case decided before the Supreme Court accepted equitable tolling in habeas cases in *Holland*.  While the *Roy* court did find the transfer of the petitioners in that case from Oregon to a prison in Arizona with a very poor law library could be considered an extraordinary weighing in favor of equitable tolling, it also emphasized the petitioner's obligation to prove diligence in pursuing his rights.

Russell claims the Magistrate Judge's Report is in conflict with *Bounds v. Smith,* 430 U.S. 817 (1977).  *Bounds* is indeed a seminal case on prisoner's rights to law library access, but it does not hold that inadequate access will support equitable tolling. *Knop v. Johnson*, 667 F. Supp. 467 (W.D. Mich.[1] 1987) was a successful injunctive action by prisoners to obtain more law library access, but did not involve equitable tolling. *Kendrick v. Bland*, cited by Russell as

---

[1] Not a Sixth Circuit case as Russell asserts at Motion, PageID 635.

4

appearing at 587 F. Supp. 1563, is not a case appearing in the Lexis district courts database after January 1, 1970.

Even if the Court were to accept Russell's argument that inadequate access to the law library could be an extraordinary circumstance preventing a filing, Russell would still be faced with the Court's determination that he was not diligent in pursuing his rights.

Logically, inadequate access to a law library has little to do with timely filing. A potential habeas petitioner knows what issues he raised in the state courts. In seeking federal habeas relief on those grounds, he does not need law library access before filing. Indeed the standard form of 2254 petition specifically instructs petitioners not to cite case law.

Russell has not shown this Court made a mistake of law in dismissing his Petition as time-barred. His Motion for Relief from Judgment should be DENIED.

June 30, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).