# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CHRISTOPHER M. RUSSELL,

        Petitioner,        :      Case No. 3:15-cv-165

  - vs -                          District Judge Walter Herbert Rice
                                    Magistrate Judge Michael R. Merz

NEIL TURNER, Warden,
 North Central Correctional Complex,

                                     :
        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS; ORDER DENYING DISCOVERY AND EXPANSION OF THE RECORD

      This habeas corpus case is before the Court on Petitioner's Motion Requesting Relief from Judgment ("Motion," ECF No. 33). Mr. Russell claims the Magistrate Judge made a mistake of law in using *Hall v. Warden*, 662 F.3d 745 (6th Cir. 2011) "as the 6th Circuit governing precedent against using the conditions of an institutional law service as consideration toward equitable tolling" because that case is argued to be "in conflict with this Court['s], other Federal Courts', and the United States Supreme Court's rulings on equitable consideration as it ignores the consideration of 'meaningful access to court." (Motion, ECF No. 33, PageID 634.)

      The Magistrate Judge recommended denying the Motion (Report, ECF No. 34). Shortly thereafter, Judge Rice ordered to be filed correspondence received from Petitioner in January 2016 (ECF No. 35) and recommitted the case for reconsideration in light of the correspondence and any objections by Petitioner to the Report (ECF No. 36). Additionally, Russell has now filed

Objections which include a motion to expand the record and for discovery (ECF No. 37).  The Warden has filed a Response (ECF No. 39).

On November 22, 2015, Judge Rice dismissed this case (ECF No. 22).  Mr. Russell moved to amend that judgment (ECF No. 23) and to expand the record (ECF No. 24).  Judge Rice denied these motions on March 25, 2016 (ECF No. 28) and Mr. Russell has appealed (ECF No. 29).  The appeal remains pending on the docket of the Sixth Circuit as Case No. 16-3415.

# Analysis

**The January 2016 Correspondence**

Mr. Russell's correspondence of January 21, 2016, is an admittedly *ex parte* attempt to argue the merits of his case directly to Judge Rice without copying the Assistant Attorney General representing the Warden.  The letter was faxed on January 21, 2016, after Russell's attempted delivery of the same by certified mail was returned as "refused."  Russell was at pains to have the letter delivered directly to Judge Rice; he states "The mailing address has since been verified by three independent sources, so it is unclear as to why the letter was not delivered to you."

Federal judges are strictly forbidden from considering *ex parte* communications on the merits of pending cases.  Canon 3(A)(4) of the Code of Judicial Conduct.  Refusal of a certified letter from a party is a perfectly appropriate way to comply with that Canon.  When the party

2

persists, as Russell did with the fax transmission, another way recognized by the Canons is to notify the other parties and permit them to respond, which is what Judge Rice has done by causing the correspondence to be filed and allowing the Warden an opportunity to respond.

With respect to the content of the correspondence, it largely consists of rhetorical questions arguing the merits of the case. When he dismissed the case last November, Judge Rice did not decide any of the issues presented on the merits because he agreed with the Magistrate Judge that the Petition was time-barred (ECF No. 22). The letter concludes with shameless flattery obviously intended to improperly influence Judge Rice[1] and a request for a certificate of appealability. By that time, Judge Rice had already determined that a certificate of appealability was not warranted in this case and the letter makes no arguments on the merits of that question.

In sum, nothing in Mr. Russell's January 2016 correspondence warrants reconsideration of this Court's decision to dismiss the case as time-barred.

**The July 2016 Objections**

**Clarification and Expansion of the Record**

Mr. Russell combines his Objections with a Motion for Clarification and a Motion to Correct and/or Expand the Record (ECF No. 37, PageID 650).

In the absence of timely objections to the Second Supplemental Report and Recommendations, Judge Rice adopted that Report and dismissed the Petition as time barred on

---

[1] "[F]or nearly a year and a half. . .there has been only one judge universally praised by the incarcerated men of this State for his fairness: you Your Honor."

3

November 10, 2015 (ECF No. 22).  Petitioner's Objections were received by the Clerk and filed two days later on November 12, 2015 (ECF No. 23).  Those Objections, which contain no certificate of service or other declaration about when they were deposited in the prison mail system, were stricken as untimely filed by Notation Order on November 16, 2015.

On December 1, 2015, Russell moved to expand the record, arguing he did timely mail the objections (ECF No. 24).  The Magistrate Judge then granted the motion to expand the record and vacated the Notation Order striking the Objections (ECF No. 25, PageID 601).  Treating the Objections as a motion to amend the judgment under Fed. R. Civ. P. 59(e), the Magistrate Judge recommended it be denied.  *Id.*  Russell objected (ECF No. 27).  Judge Rice overruled the Objections on March 25, 2016 (ECF No. 28) and Russell appealed April 25, 2016 (ECF No. 29).

Russell correctly points out that the following language in the pending Report and Recommendations is in error:  "Russell never appealed from that decision and his time to appeal expired December 10, 2015." (ECF No. 34, PageID 639.)  That language is in error and is WITHDRAWN.  Given that ruling, Russell's Motion to Expand and/or Correct is MOOT.

**Objections**

The Objections center on criticizing the Magistrate Judge's reliance on *Hall v. Warden*, 662 F.3d 745 (6th Cir. 2011), for the proposition that that the conditions of institutional law service should not be considered in determining whether an inmate is entitled to equitable tolling of the habeas corpus statute of limitations.  *Hall* is a published decision of the Sixth Circuit Court of Appeals directly in point.  It was decided the year after the Supreme Court held in *Holland v.*

4

*Florida,* 560 U.S. 631 (2010), that the AEDPA statute of limitations was subject to equitable tolling. Hall had missed the deadline by only five days. The Sixth Circuit expressly held that limited law library access, even when combined with other factors, did not justify equitable tolling. *Hall,* 662 F.3d at 752.

Mr. Russell does not deny that *Hall* holds what the Report and Recommendations says it holds, repeated above. Instead, he wants this Court to apply different case law. One case on point for his position is *Roy v. Lampert*, 465 F.3d 964 (9th Cir. 2006), but this Court may not follow Ninth Circuit precedent when there is later published Sixth Circuit precedent to the contrary. The other cases cited by Mr. Russell are distinguished in the Report (ECF No. 34, PageID 640-41). An exception is *Kendrick v. Bland* for which Russell previously provided the incorrect citation "587 F. Supp. **1563**". He has now apologized and provided the citation "587 F. Supp. **1536**", but the case that appears at that location is *Jones v. ITT Educational Services*, a Title VII case from the Eastern District of Missouri and obviously not relevant. There is no case titled *Kendricks v. Bland* in the LEXIS district court databased decided since January 1, 2000.

Mr. Russell criticizes the Report for misunderstanding the issue which he says is "access to the courts," not necessarily to a prison law library  (Objections, ECF No. 37, PageID 650). However, it is lack of prison law library services on which Russell relied to bolster his equitable tolling argument. And, Russell emphasizes, it is the law library services at Lebanon Correctional of which he is complaining, not Ohio prison libraries generally. In fact he reports that at his current place of imprisonment, he

> has, over the last three months, initiated seven different issues in various courts (the appeal to the Sixth Circuit, certiorari to SCOTUS of this courts ruling, three motions for mandamus to the

5

>> Ohio Supreme Court against various agencies of Clark So., Ohio, this motion for relief from judgment and a civil case against NCCC concerning inmate theft)

*Id.* at PageID 653.  He thus asserts his diligence in pursuing his rights, because he says all but one of these filings has to do with this case.  The question before the Court is not recent diligence, but diligence in filing the habeas petition in the first place.

In the midst of his Objections, he asserts that he "was never informed by counsel on the proper timing for Habeas Corpus (only discovering the proper timing when he received the motion to dismiss)." *Id.*  But there was no attorney under an obligation to give him this advice.  The right to appointed counsel in a non-capital criminal case extends to the first appeal of right and no further.  *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Ross v. Moffitt*, 417 U.S. 600 (1974).  And ignorance of the law, particularly of the statute of limitations, does not excuse untimely filing.  Actually, the Second District Court of Appeals excused Russell's failure to file a 26(B) application for the five months he did not know of the affirmance of his conviction, but found the application untimely because he waited an entire additional year to file the 26(B)(Report, ECF No. 21, PageID 580).  Then he waited more than an additional year before filing here.  *Id.*

Because the Magistrate Judge has not accepted Russell's explanations, he asserts "[t]he Magistrate seems to be calling Mr. Russell a liar by not accepting or investigating the claim that a particular institution of the State of Ohio is operating outside of both Constitutional parameters and State mandates . . ." *Id.*  As a cure and in lieu of an evidentiary hearing, Russell moves to compel discovery pursuant to Fed. R. Civ. P. 26(b). *Id.*  at PageID 654.  Discovery in habeas

corpus cases is not governed by the Rules of Federal Procedure, but by the Rules Governing § 2254 Cases.  Those Rules provide that a habeas petitioner is not entitled to discovery as a matter of course, but only upon a fact-specific showing of good cause and in the Court's exercise of discretion.  Rule 6(a), Rules Governing § 2254 Cases; *Bracy v. Gramley*, 520 U.S. 899 (1997); *Harris v. Nelson*, 394 U.S. 286 (1969); *Byrd v. Collins*, 209 F.3d 486, 515-16 (6th Cir. 2000). Conducting discovery on the wide scope proposed by Russell is not warranted because it is untimely, the case being on appeal, and immaterial under the holding in *Hall*.

Russell reminds the Court that *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972), requires liberality in the construction of pro se pleadings.  While that is certainly true and well-accepted, construing a pleading liberally and finding it timely are different exercises.  The liberal construction required by *Haines* does not apply to straightforward scheduling requirements which are as understandable by a layman as by a lawyer.  *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991).  "Where . . . a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).  The Sixth Circuit has held that lack of counsel, lack of a trial transcript, unfamiliarity with the English language, and short time for legal research in prison do not excuse a pro se prisoner's failure to appeal to the Ohio Supreme Court within forty-five days of affirmance on appeal.  *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004)(citations omitted).

Mr. Russell really does not want this Magistrate Judge involved with his case.  He writes of the undersigned:

> ¶ 18. In one of his objections, Mr. Russell noted his concern with the entrenching mindset of Mr. Merz and requested the case be removed from his consideration. It is now further disconcerting

7

> that the same Magistrate who Petitioner believes made his R&Rs with the erroneous mindset now questioned has been permitted to give an R&R for the motion challenging the error. In previous reports, Mr. Merz iterated the issue of the nature of Mr. Russell's charges, made note of a not-on-the-record "confession", and brought up other issues indicative of a mindset biased against the Petitioner. These issues, however, had no business even being on the mind of anyone viewing the issues of the process at hand; the motion by the State to dismiss a habeas petition challenging those very issues! If the issues of prosecutorial misconduct, ineffective assistance of counsel, and unconstitutionally flawed evidence (the claims raised in the habeas the State wishes dismissed) had been prevented during trial or handled before trial, no reasonable, properly instructed juror would have voted to convict. Petitioner believes the Magistrate is making an egregious, deliberate effort to preserve a conviction without considering the merits of the Petitioner (Jud Miscon, Rule 3(h)(D)).

(Objections, ECF No. 37, PageID 655.) Although Russell gives no citations to the place or places in the record where the supposedly biased mindset is displayed, from the examples given, the Magistrate Judge assumes Russell is referring to the description of the evidence of his crimes and confession which appear in the Second Supplemental Report and Recommendations on the merits (ECF No. 21, PageID 582). Because Russell claimed his actual innocence excused his tardy filing, it was necessary to compare what he claimed was new evidence of that innocence with what was presented at trial. This is the process commanded by the Supreme Court for evaluation of actual innocence gateway claims in *Schlup v. Delo*, 513 U.S. 298, 316 (1995), and *McQuiggin v. Perkins*, 569 U.S. ___, 133 S. Ct. 1924, 1928, 185 L. Ed. 2d 1019, 1035 (2013). The evidence of Russell's guilt of the crimes he was charged with is completely relevant in deciding whether he has made out a claim of actual innocence to excuse his untimely filing.

8

**Conclusion**

Having reconsidered the matter in light of Russell's Objections, the Magistrate Judge remains persuaded that Russell's Motion for Relief from Judgment (ECF No. 33) should be DENIED.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

August 4, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).

Case: 3:15-cv-00165-WHR-MRM Doc #: 40 Filed: 08/04/16 Page: 10 of 10  PAGEID #: 672

10