IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHRISTOPHER M. RUSSELL, :

    Petitioner,

v. : Case No. 3:15-cv-165

NEIL TURNER, Warden, North : JUDGE WALTER H. RICE
Central Correctional Complex,

    Respondent. :

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #34) AND
SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. #40);
OVERRULING PETITIONER'S OBJECTIONS THERETO (DOCS. ##37,
42); DENYING PETITIONER'S MOTION REQUESTING RELIEF FROM
JUDGMENT UNDER FED. R. CIV. P. 60(b)(1) (DOC. #33); JUDGMENT
TO ENTER IN FAVOR OF RESPONDENT AND AGAINST PETITIONER;
DENYING CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL
*IN FORMA PAUPERIS*; CASE TO REMAIN TERMINATED

---

On November 10, 2015, the Court dismissed Petitioner's § 2254 habeas petition as time-barred. Doc. #22. That petition was filed nearly eighteen months after the statute of limitations expired. The Court rejected Petitioner's claim that, because he had limited access to the law library at Lebanon Correctional Institution, the statute of limitations should be equitably tolled for the time he was incarcerated there.

A subsequent filing, Doc. #23, was construed by the Court as a motion to amend the judgment under Federal Rule of Civil Procedure 59(e). The Court denied

that motion on March 25, 2016. Doc. #28. Petitioner has appealed that decision to the Sixth Circuit Court of Appeals, Case No. 16-3415. This Court has denied a certificate of appealability and leave to appeal *in forma pauperis*. Doc. #32.

Pursuant to Federal Rule of Civil Procedure 60(b)(1), Petitioner has now filed a Motion for Relief from Judgment, Doc. #33. He maintains that the Court made a "mistake" in relying on *Hall v. Warden*, 662 F.3d 745 (6th Cir. 2011), to reject his claim of equitable tolling.

On June 30, 2016, Magistrate Judge Merz issued a Report and Recommendations, Doc. #34, recommending that the Court deny the Rule 60(b) motion. He noted that the pending appeal deprives the Court of authority to grant the Rule 60(b) motion. Federal Rule of Civil Procedure 62.1 provides that, when the court lacks authority to grant a motion for relief because of a pending appeal, the court may do one of three things: "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands it for that purpose or that the motion raises a substantial issue."

Magistrate Judge Merz recommended that the Court deny the Rule 60(b) motion, because Petitioner had failed to show that the Court made a mistake of law in relying on *Hall* and dismissing the petition as time-barred. *Hall* is a published Sixth Circuit case and is directly on point. In contrast, the cases cited by Petitioner are either legally distinguishable or not binding.

In *Hall*, the petition was filed five days after the statute of limitations expired. Petitioner blamed this on limited access to the law library, his *pro se*

2

status, and his attorney's failure to provide him with a copy of the trial transcript. The district court found that these reasons did not justify equitable tolling. In affirming that decision, the Sixth Circuit noted that, in order to be entitled to equitable tolling, the petitioner must "demonstrate both that he has been diligent in pursuing his rights and that an extraordinary circumstance caused his untimely filing." *Hall*, 662 F.3d at 750 (citing *Holland v. Florida*, 560 U.S. 631 (2010)). Petitioner had failed to satisfy both requirements. Magistrate Judge Merz found that, even if the lack of library access constituted an "extraordinary circumstance," Petitioner was not diligent in pursuing his rights.

Petitioner filed timely Objections to the Report and Recommendations, and moved to expand the record. Doc. #37. He believes that Magistrate Judge Merz is biased against him. Petitioner continues to argue that he acted diligently to pursue his rights, but was severely hampered by his limited access to the law library. In addition, he blames his attorney for failing to inform him of the proper deadline for filing his habeas petition.

The Court recommitted the matter to the Magistrate Judge, Doc. #36, who issued a Supplemental Report and Recommendations, Doc. #40. He again recommended that the Court deny the Rule 60(b) motion, given that Petitioner failed to show that the Court erroneously relied on *Hall* in rejecting the equitable tolling argument. He further noted that Petitioner has no right to assistance of counsel in connection with his habeas petition. Magistrate Judge Merz also denied Petitioner's motion to expand the record and for discovery. Doc. #40. Petitioner

3

has now filed Objections to the Supplemental Report and Recommendations.  Doc. #42.

Based on the reasoning and citations of authority set forth by Magistrate Judge Merz in his June 30, 2016, Report and Recommendations, Doc. #34, and his August 4, 2016, Supplemental Report and Recommendations, Doc. #40, as well as upon a thorough *de novo* review of this Court's file and the applicable law, the Court ADOPTS said judicial filings in their entirety.

Petitioner's Objections thereto, Docs. ##37, 42, are OVERRULED.  His allegations that Magistrate Judge Merz is biased, and improperly relied on the *fact* of conviction and other portions of the record to justify recommending dismissal of his motion, are completely unfounded.  Petitioner further argues that the Sixth Circuit, in *Hall*, has set the bar for equitable tolling too high.  He notes that other circuit courts appear to be more lenient, but does not deny that this Court is bound to follow Sixth Circuit precedent.

Petitioner also maintains that he is entitled to discovery and an evidentiary hearing concerning the restrictive law library hours at Lebanon Correctional Institution, in support of his claim that the statute of limitations should be equitably tolled for the entire eleven months that he was incarcerated there.  Magistrate Judge Merz correctly noted that, given the pending appeal, the discovery request is untimely.  It is also immaterial, given the holding in *Hall*.

4

The Court concludes that, under the circumstances presented here, Rule 60(b) relief is not warranted. Accordingly, Petitioner's Motion for Relief from Judgment, Doc. #33, is DENIED.

Judgment shall be entered in favor of Respondent and against Petitioner.

Given that Petitioner has not made a substantial showing of the denial of a constitutional right and, further, that the Court's decision herein would not be debatable among reasonable jurists, and because any appeal from this Court's decision would be *objectively* frivolous, Petitioner is denied a certificate of appealability, and denied leave to appeal *in forma pauperis*.

This case shall remain terminated on the Court's docket.

Date: September 26, 2016

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE

Copies to: Petitioner
Counsel of Record
Clerk of Courts, Sixth Circuit Court of Appeals