# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CHRISTOPHER M. RUSSELL,

        Petitioner,      :    Case No. 3:15-cv-165

  - vs -                       District Judge Walter Herbert Rice
                                Magistrate Judge Michael R. Merz

NEIL TURNER, WARDEN, North Central
  Correctional Complex,

                                  :

        Respondent.

---

## DECISION AND ORDER DENYING MOTION TO STRIKE BUT GRANTING REOPENING OF PETITIONER'S TIME TO APPEAL DENIAL OF HIS RULE 60(b) MOTION;  REPORT AND RECOMMENDATION ON APPEAL *IN FORMA PAUPERIS*

---

This habeas corpus case is before the Court on Petitioner's Motion to Strike his prior Notice of Appeal (ECF No. 29) and Request for Certificate of Appealability (ECF No. 48).  Mr. Russell's apparent theory is that this Court's denial of his Petition for Writ of Habeas Corpus was not appealable in May 2016 when the case was dismissed, but not until the Court denied his Motion for Relief from Judgment under Fed. R. Civ. P. 60(b).  He includes in his Motion a request to extend his time for file a notice of appeal for 180 days from the date on which the Decision and Entry denying relief under Fed. R. Civ. P. 60(b) was entered because he claims those documents were never served on him. *Id.*  at PageID 700.

Russell argues that because this Court "had not disposed of all the motions related to [this case, it] therefore retained jurisdiction.  Therefore, no court had any authority to consider any direct appeal in this case and therefore the notice of appeal and motion requesting COA

1

[certificate of appealability] is [sic] legally void." (ECF No. 48, PageID 697).

Not so. There is no rule requiring a District Court to decide every pending motion on its docket before entering a final judgment. Compare Fed. R. Civ. P. 54 which speaks of "claims." Even if there were such a rule, the Court did not violate it here. The District Judge's Order to dismiss the case was entered November 10, 2015 (ECF No. 22). The Court treated Petitioner's Objections as a timely motion to amend the judgment under Fed. R. Civ. P. 59(e), so the case did not become appealable until that motion was denied March 25, 2016 (ECF No. 28). Petitioner's Notice of Appeal (ECF No. 29) was timely filed thereafter and the Sixth Circuit promptly opened an appellate case on April 27, 2016. Petitioner's motion for relief from judgment under Fed. R. Civ. P. 60(b) was not filed until June 29, 2016 (ECF No. 33). Judge Rice denied that motion on September 26, 2016 (ECF No. 43). A month later the Sixth Circuit denied Russell's appellate motion for a certificate of appealability, which was tantamount to dismissing the appeal since a COA is a prerequisite to appeal in a habeas case. *Russell v. Turner*, Case No. 16-3415 (6th Cir. Oct. 28, 2016)(unreported, copy at ECF No. 46). In reaching that conclusion, the Sixth Circuit recited but found no deficiency in the process this Court followed or in its conclusion on the merits of the Warden's statute of limitations defense. Since the Notice of Appeal was timely filed and the case was decided by the Sixth Circuit, the Motion to Strike is DENIED.

Mr. Russell also seeks an additional 180 days to appeal from the denial of his Rule 60(b) motion on the grounds this Court violated Fed. R. Civ. P. 77(d)(Motion, ECF No., 48, PageID 697). Fed. R. App. P. 4(a)(6) provides

> (6) **Reopening the Time to File an Appeal.** The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

>(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77 (d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
>(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77 (d) of the entry, whichever is earlier; and
>
>(C) the court finds that no party would be prejudiced.

As to the first requirement, the docket shows that the Decision on the 60(b) motion and the consequent judgment (ECF Nos. 43 and 44) were sent to Mr. Russell by the Clerk by regular mail on the date they were filed. They were sent to the address on file both now and then, but returned by the Postal Service as "undeliverable as addressed; no forwarding order on file." (See Postal Service endorsement on ECF No. 45). Thus although the Clerk sent the entries, it is fairly inferable that Russell did not receive the entries.

As to the second requirement, Russell's Motion was filed within 180 days of the judgment. Although Russell had notice on October 31, 2016, from the Court of Appeals' decision that the Rule 60(b) motion had been denied, that does not constitute notice from the Clerk under Fed. R. Civ. P. 77(d).

As to the third requirement, the State of Ohio is not prejudiced by allowing Russell to appeal because he remains imprisoned on the judgment collaterally attacked in this habeas corpus case.

**Conclusion**

Accordingly, pursuant to Fed. R. App. P. 4(a)(6), Petitioner's time to appeal is REOPENED and the Clerk shall transmit the Notice of Appeal (ECF No. 49) to the Sixth Circuit

3

Court of Appeals. Because the Sixth Circuit has already effectively determined the issues raised in the Fed. R. Civ. P. 60(b) Motion against Mr. Russell, this Court should certify to the Sixth Circuit that the appeal is objectively frivolous and should not be permitted to proceed *in forma pauperis*.

March 15, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).