# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CHRISTOPHER M. RUSSELL,

              Petitioner,       :      Case No. 3:15-cv-165

   - vs -                           District Judge Walter Herbert Rice
                                     Magistrate Judge Michael R. Merz

NEIL TURNER, WARDEN, North
 Central Correctional Institution,

                                    :

              Respondent.

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 52) to the Magistrate Judge's Report and Recommendations ("Report," ECF No. 50). District Judge Rice has recommitted the matter to the Magistrate Judge for reconsideration in light of the Objections (Recommittal Order, ECF No. 56).

Mr. Russell objects to "a fundamental error of fact" in the Report. He asserts: "Petitioner's Fed. R. Civ. P. 60 motion was not filed with ECF No. 33 on June 29, 2016, but with ECF No. 27 . . . on December 15, 2015." (ECF No. 52, PageID 709).

ECF No. 27 is captioned by Petitioner as "Petitioner's Objections to Report and Recommendations on Motion to Expand the Record – and – Motion to Reopen Proceedings." *Id.* at PageID 606. As authority, Petitioner references Fed. R. Civ. P. 60(a), 60(b)(1)( and 60(b)(6). On March 25, 2016, Judge Rice adopted the Magistrate Judge's recommendation on the Motion to Expand the Record, overruled Mr. Russell's Objections to that recommendation, and concluded that "[t]his case shall remain terminated on the Court's docket." (ECF No. 28,

PageID 612). While this Decision on its face dealt with Mr. Russell's December 1, 2015, Motion to Expand the Record, it had the effect of denying the Fed. R. Civ. P. 60 motion embedded in the filing of December 15, 2015, in that it declined to provide the relief request and kept the case terminated on the docket.

Mr. Russell now asserts that the failure of this Court to rule explicitly on the Rule 60 motion embedded in the December 15, 2015, filing rendered his Notice of Appeal (ECF No. 29) "void as the district court had not lost jurisdiction." (ECF No. 52, PageID 709) Mr. Russell relies on *Miller v. Marriott*, 300 F.3d 1061 (9th Cir. 2002), for the proposition that his Notice of Appeal did not become effective when filed because this Court had not yet ruled on his Fed. R. Civ. P. 60 motion. Indeed, as the Magistrate Judge reads the instant Objections, Mr. Russell is contending that his Notice of Appeal is still not effective because this Court has not ruled on the embedded Rule 60 motion.

The Magistrate Judge believes the Court should explicitly hold that it denied the embedded Rule 60 motion when it concluded, on a different motion to amend the judgment, that the case would remain terminated on the docket. But in any event, Mr. Russell forfeited any claim that his Notice of Appeal was void for lack of appellate jurisdiction when he failed to raise that claim in the Sixth Circuit. Russell appealed from denial of "his post-judgment motion seeking relief motion seeking relief from the order dismissing his petition for writ of habeas corpus." *Russell v. Turner*, Case No. 16-3415, 2016 U.S. App. LEXIS 23620 *1 (6th Cir. Oct. 28, 2016). He also filed a motion to remand. *Id.* The opinion of the Sixth Circuit nowhere shows that Russell raised a claim that the circuit court did not have jurisdiction because the Notice of Appeal was ineffective because the embedded Rule 60 motion had not yet been decided. Thus Russell's position differs materially from that of the plaintiffs in *Miller* who

2

obtained a remand on their claim that Rule 60 motions were still pending.

In sum, Mr. Russell's Objection is without merit and the District Court should overrule it.

April 26, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).