IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHRISTOPHER M. RUSSELL,

    Petitioner,

v.

NEIL TURNER, Warden, North
Central Correctional Complex,

    Respondent.

Case No. 3:15-cv-165

JUDGE WALTER H. RICE

---

DECISION AND ENTRY OVERRULING PETITIONER'S OBJECTION
(DOC. #52) TO UNITED STATES MAGISTRATE JUDGE'S DECISION
AND ORDER DENYING MOTION TO STRIKE BUT GRANTING
REOPENING OF PETITIONER'S TIME TO APPEAL DENIAL OF HIS
RULE 60(b) MOTION; ADOPTING REPORT AND RECOMMENDATION
ON APPEAL *IN FORMA PAUPERIS* (DOC. #50) AND SUPPLEMENTAL
REPORT AND RECOMMENDATION (DOC. #57); OVERRULING
PETITIONER'S OBJECTIONS THERETO (DOC. #58); DENYING
CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA
PAUPERIS*; CASE TO REMAIN TERMINATED

---

On November 10, 2015, the Court adopted United States Magistrate Judge Merz's Second Supplemental Report and Recommendations, and dismissed Petitioner Christopher Russell's Petition for a Writ of Habeas Corpus. Doc. #22. Thereafter, Russell filed Objections to the Second Supplemental Report and Recommendations, Doc. #23, but they were stricken as untimely filed. Russell then filed a motion to expand the record, arguing that, per the mailbox rule, his Objections were, in fact, timely filed. Doc. #24.

Magistrate Judge Merz issued a Report and Recommendations vacating the Notation Order striking the Objections as untimely. Doc. #25. Given that judgment had already been entered, he construed the Objections as a motion to amend the judgment under Fed. R. Civ. P. 59(e), and recommended that the motion be denied. *Id.* Russell then filed a document entitled "Petitioner's Objections to Report and Recommendation on Motion to Expand and Motion to Reopen Proceedings." Doc. #27. Citing Fed. R. Civ. P. 60, Russell asked the Court to reopen the case by whatever means deemed appropriate so that his arguments could be considered. *Id.*

On March 25, 2016, the Court adopted the Report and Recommendations, overruled Russell's Objections on the merits, and stated that the case would remain terminated on the Court's docket. Doc. #28. On April 25, 2016, Russell filed a Notice of Appeal of the March 25, 2016, Decision and Entry. Doc. #29. Thereafter, the Court denied a certificate of appealability. Doc. #32. On June 29, 2016, Russell filed a Motion for Relief from Judgment, Doc. #33, which was ultimately denied on September 26, 2016, Doc. #43. Judgment was entered the same day. Doc. #44. On October 28, 2016, the Sixth Circuit denied Russell's application for a certificate of appealability. It also denied his motion to remand as moot. Doc. #46.

On March 13, 2017, Russell filed a Motion to Strike Notice of Appeal and Motion to Strike Request for Certificate of Appealability and Motion for Reopening Time under FRAP 4(a)(6)(B), Doc. #48. He noted that, under Federal Rule of

2

Appellate Procedure 4(a)(4), if a party files a notice of appeal *after* the district court has entered judgment, but *before* it disposes of a pending motion under Federal Rule of Civil Procedure 60, the notice of appeal does not become effective until the district court rules on that pending motion. *See* Fed. R. App. P. 4(a)(4)(B)(i). He argues that his first Notice of Appeal, Doc. #29, should be deemed void because, at the time it was filed, the Court had not yet ruled on his Rule 60 motion to reopen proceedings, Doc. #27. According to Russell, the Sixth Circuit therefore lacked jurisdiction to consider any direct appeal or to deny his application for a certificate of appealability. He requested that the Notice of Appeal and the request for a certificate of appealability be stricken from the record so that he could file appropriate motions. Doc. #48.

Along with his motion, Russell filed a second Notice of Appeal and Motion for Reopening Time under FRAP 4(a)(6)(B), seeking to challenge the Judgment entered on September 26, 2016. Doc. #49. On March 16, 2017, Magistrate Judge Michael R. Merz issued a Decision and Order, Doc. #50, in which he denied Russell's Motion to Strike his prior Notice of Appeal, Doc. #29. He did, however, reopen the time to appeal and ordered the Clerk to transmit Petitioner's second Notice of Appeal, Doc. #49, to the Sixth Circuit Court of Appeals.

In the same filing, Doc. #50, Magistrate Judge Merz issued a Report and Recommendation, recommending that the Court certify that the appeal is objectively frivolous and deny leave to appeal *in forma pauperis*, given that the

3

Sixth Circuit has already effectively ruled on the issues raised in the 60(b) motion. *See* Doc. #46.

Russell filed timely Objections to the Magistrate Judge's Decision and Order. Doc. #52. He noted that the Decision and Order mistakenly cited a separate Rule 60(b) motion, Doc. #33, rather than the Rule 60(b) motion filed in conjunction with his Objections to the Report and Recommendations, Doc. #25. He again argued that, because a Notice of Appeal does not become effective until the district court rules on a pending Rule 60(b) motion, his previously filed Notice of Appeal, Doc. #29, was void.

On a related note, Russell also filed a separate Motion Under Fed. R. Civ. P. 60(b)(4), arguing that the March 25, 2016, Judgment Entry, Doc. #28, must be stricken as void *ab initio.* Doc. #54. According to Russell, the Court lacked authority to construe his Objections, Doc. #27, as a motion to amend the judgment under Fed. R. Civ. P. 59(e). That Rule requires that a motion to amend be filed within 28 days after entry of the Judgment. Russell argued that, because his Objections pre-dated the March 25, 2016, Judgment, they could not logically be construed as a motion to amend that judgment. This motion was summarily denied. *See* April 14, 2017, Notation Order.

The undersigned recommitted the matter to Magistrate Judge Merz, Doc. #56, who issued a Supplemental Report and Recommendations, Doc. #57. He noted that, in adopting the Report and Recommendation on Russell's Motion to Expand the Record, although the Court did not *expressly* rule on Russell's Rule 60

motion to reopen the case, it did *implicitly* deny that motion by declining to grant the relief requested and stating that the case would remain terminated on the Court's docket. *See* Doc. #28. He also noted that Russell had forfeited any claim that his Notice of Appeal was void for lack of appellate jurisdiction, given that Russell failed to raise this claim in the Sixth Circuit.

Russell has filed Objections to the Supplemental Report and Recommendations, Doc. #58. He again argues that, until this Court explicitly rules on his Rule 60 motion, Doc. #27, the Sixth Circuit has no jurisdiction to consider an appeal. He again also argues that, because the Objections were filed *before* the Judgment was entered, the Court lacked authority to construe those Objections as a Rule 59(e) motion to amend the judgment.

Based on the reasoning and citations of authority set forth by Magistrate Judge Merz in his Report and Recommendations, Doc. #50, and his Supplemental Report and Recommendations, Doc. #57, as well as upon a thorough *de novo* review of this Court's file and the applicable law, the Court ADOPTS said judicial filings in their entirety.

Russell's Objections to the Decision and Order Denying Motion to Strike his prior Notice of Appeal, Doc. #52, and to the Supplemental Report and Recommendations, Doc. #58, are OVERRULED. Magistrate Judge Merz correctly found that the Court implicitly overruled Russell's Rule 60 Motion to Reopen Proceedings (Doc. #27) when it adopted the Report and Recommendations (Doc. #25), overruled Russell's Objections thereto (Doc. #27) and stated that the case

5

would remain terminated on the Court's docket. Accordingly, the Notice of Appeal that Russell filed on April 25, 2016, Doc. #29, was not void. Moreover, as Magistrate Judge Merz pointed out, Russell waived this issue by failing to raise it with the Sixth Circuit.

Russell's argument that Objections filed before judgment is entered cannot possibly be construed as a motion to amend that judgment, is based on a misunderstanding as to the applicable judgment entry. Magistrate Judge Merz stated in his Report and Recommendations on Motion to Expand the Record, that "[b]ecause a final judgment has been entered in the case, the Court will consider the Objections as a motion to amend the judgment under Fed. R. Civ. P. 59(e)." Doc. #25, PageID#601. The "final judgment" to which he refers is the Order Adopting Second Supplemental Report and Recommendations, Doc. #22, in which the Court dismissed Russell's habeas petition with prejudice.

For the reasons discussed above, the Court OVERRULES Russell's Objections (Doc. #52) to the Magistrate Judge's March 16, 2017, Decision and Order (Doc. #50), and ADOPTS the Magistrate Judge's Report and Recommendation with respect to the appeal. Russell is DENIED a certificate of appealability and leave to appeal *in forma pauperis*. The Court also OVERRULES Russell's Objections (Doc. #58) to the Magistrate Judge's Supplemental Report and Recommendations (Doc. #57), and ADOPTS that judicial filing in its entirety.

As before, the above-captioned case shall remain terminated on the Court's docket.

Date: June 26, 2017

WALTER H. RICE
UNITED STATES DISTRICT JUDGE